UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KATHLEEN GORDON,

    Plaintiff,

v.                                                     Case No. 05-73738
                                                     Hon. Sean F. Cox
                                                     Mag. Wallace Capel, Jr.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____

## OPINION AND ORDER

This matter is before the Court on cross-motions for summary judgment. For the following reasons, the Court: (1) **ADOPTS** the Report and Recommendation; (2) **GRANTS** in part, Plaintiff's Motion for summary judgment; (3) **DENIES** Defendant's Motion for summary judgment; and **REMANDS** for further factual findings consistent with this Opinion.

### I.  BACKGROUND

This action arises out of the denial of Social Security Disability benefits to Plaintiff, Kathleen Gordon. Plaintiff filed her current application for Social Security Disability benefits on April 8, 2003, alleging an onset date of July 1, 2001. Her application was denied on June 11, 2003. Plaintiff appealed the denial and requested a hearing before an Administrative Law Judge ("ALJ"). A hearing was held before ALJ Thomas English on March 3, 2005. The ALJ denied benefits on May 5, 2005. The Appeals Council declined to review the ALJ's decision on August 7, 2005. Plaintiff filed an action in this Court on September 30, 2005.

Plaintiff alleges she has several impairments. One of Plaintiff's impairments is Multiple Chemical Sensitivity ("MCS"), she claims her MCS makes her highly sensitive to chemicals in the air, particularly petrol chemicals. She also alleges she suffers from chronic fatigue syndrome ("CFS"); migraine headaches; esophagical reflux; and depression. Based on these impairments, Plaintiff contends she is disabled.

Plaintiff filed a Motion for summary judgment on January 24, 2006. She claims the ALJ erred because he: (1) failed to consider the effects of all of Plaintiff's impairments on her ability to work; (2) failed to consider Plaintiff's chronic fatigue syndrome and multiple chemical sensitivity symptoms as disabling; and (3) failed to set forth good cause for rejecting the opinions of Plaintiff's treating physicians. In lieu of a response, Defendant filed a Motion for summary judgment on March 17, 2006. Defendant claims the ALJ's decision is supported by substantial evidence and should be upheld.

On October 3, 2006, Magistrate Judge Wallace Capel, Jr. issued a Report and Recommendation ("R&R"), that Plaintiff's Motion for summary judgment be granted in part, and Defendant's Motion for summary judgment be denied. On October 18, 2006, Defendant filed objections to the R&R. Plaintiff filed a Response to Defendant's objections on October 23, 2006.

## II.   STANDARD OF REVIEW

In the Social Security context, the district court reviews the decision of the Commissioner to determine whether the decision exceeds statutory authority or is arbitrary and capricious. *Sullivan v. Zebley*, 493 U.S. 521 (1990); *Bowen v. Yuckert*, 482 U.S. 137, 145 (1987). This Court must review the ALJ's decision to determine whether it is supported by "substantial

evidence." "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Brainard v. Secretary*, 889 F.2d 679, 681 (6th Cir. 1989), *citing Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). It exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way. *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993).

This standard presupposes that there is a "zone of choice" within which the ALJ may make a decision without being reversed. *Felisky v. Bowen,* 35 F.3d 1027, 1035 (6th Cir. 1994). In other words, if the Commissioner's determination is supported by substantial evidence, it must stand even if the reviewing court would resolve the issues of fact in dispute differently. *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). The Court must only review the record that was before the ALJ and cannot review the evidence *de novo*, weigh the evidence, or make credibility determinations. *Id.*

### III.   ANALYSIS

There are five factors that the Social Security Administration uses to determine eligibility for benefits. Plaintiff has the burden on the first four and must establish that: 1) he is not presently engaged in gainful employment; 2) he suffered from a severe impairment; and 3) the impairment met or was medically equal to an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; or 4) he did not have the "residual functional capacity" ("RFC") to perform past work. *Jones v Comm'r of Soc. Security*, 336 F.3d 469, 474 (6th Cir. 2003).

If the Plaintiff satisfies his burden, the burden shifts to the Commissioner to prove the

fifth factor; that there is other work available in the economy that the claimant can perform. 20 C.F.R. §§404.1520(b)-(f). To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [the claimant] has the vocational qualifications to perform specific jobs." *Varley v. Secretary,* 820 F.2d 777, 779 (6th Cir. 1987). This substantial evidence may be in the form of vocational expert testimony, but only if the hypothetical question posed to the expert accurately portrays the claimant's individual physical and mental impairments. *Id.*

### A. ALJ Determination

The ALJ denied Plaintiff benefits at Step 5. He found that Plaintiff has the RFC to "work in a clean environment" with "only limited exposure to co-workers and the general public." [Tr. p.21]. Based on the testimony of the vocational expert, the ALJ found there was a significant number of jobs available that Plaintiff could perform given her limitations. The ALJ found Plaintiff's testimony regarding the extent of her limitations was not credible. [Tr. pp.18-19]. He also held that the findings of Craig Miller, a social worker who evaluated Plaintiff, were not supported by the evidence as a whole. Mr. Miller reported that Plaintiff had marked difficulties in social functioning and marked difficulties in maintaining concentration, persistence, or pace. However, the ALJ pointed out that Plaintiff stated she has friends and family that support her, whom she visits with; Plaintiff is able to go shopping and do basic household chores; and home schools her twelve year old daughter. [Tr. p.18].

The ALJ also did not give controlling weight to the finding of Dr. Stephen Camacho who treated Plaintiff from February 2004 to January 2005. Dr. Camacho found that Plaintiff was totally and permanently disabled due to her MCS and CFS. The ALJ held that there were "no

clinical or laboratory diagnostic techniques to support these diagnoses." [Tr. p.19].

Based on his determinations, the ALJ denied benefits because "[c]onsidering the types of work that the claimant is still functionally capable of performing in combination with the claimant's age, education and work experience, she could be expected to make a vocational adjustment to work that exists in significant numbers in the national economy." [Tr. p.22].

**B.     R&R**

The Magistrate recommends granting Plaintiff's Motion for summary judgment in part, and denying Defendant's Motion for summary judgment. The Magistrate further recommends that the Court remand this matter for further fact-finding.

Specifically, the Magistrate found that the ALJ did not consider the factors set forth in *Wilson v. Commissioner of Social Services*, 378 F.3d 541, 544 (6th Cir. 2004), when he chose not to give controlling weight to Plaintiff's treating physician, Dr. Camacho.

**C.     Defendant's Objections**

Defendant objects to the R&R, arguing that Dr. Camacho was not Plaintiff's treating physician at the time he rendered the Medical Source Statement stating that Plaintiff was disabled. According to Defendant, Dr. Camacho had only seen Plaintiff on one occasion prior to issuing the Medical Source Statement. Therefore, his opinion was not entitled to controlling weight in the first place and the ALJ's determination should be upheld.

**D.     Analysis**

**1.     Timeliness of Objections**

As an initial matter, Plaintiff argues in her Response to Defendant's Objections, that Defendant's objections should be dismissed as untimely. Plaintiff's argument is without merit.

Defendant had 10 days from the issuance of the R&R to file objections. Fed.R.Civ.P. 72(b). "When the period of time prescribed or allowed [for filing] is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation." Fed.R.Civ.P. 6(a). The R&R was issued on October 3, 2006. In calculating when the objections were due, October 7-8 and 14-15 did not count because they were intervening Saturdays and Sundays. Additionally, October 9th did not count because it was Columbus Day. See Fed.R.Civ.P. 6(a). Consequently, the objections were not due until October 18, 2006. Defendant timely filed its objection on that day.

### 2. Was Dr. Camacho's Opinion Entitled to Controlling Weight?

The remaining issue is whether Dr. Camacho was a treating source whose opinion was entitled to controlling weight. If he was, indisputably, the ALJ did not consider the factors set forth in *Wilson*:

> [i]f the opinion of a treating source is not accorded controlling weight, an ALJ must apply certain factors - namely, the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source - in determining what weight to give the opinion.

*Wilson*, 378 F.3d at 544.

Dr. Camacho opined that Plaintiff was "totally and permanently disabled with the inability to work due to multiple chemical sensitivities disorder and chronic fatigue syndrome." [Tr. p.285]. This opinion was issued on August 30, 2004. At that time, Dr. Camacho had seen Plaintiff nine times since he began treating her in February 2004. Undoubtedly, Dr. Camacho was Plaintiff's treating physician when he rendered his opinion.

In his determination, the ALJ explicitly stated that it was the August 30, 2004 opinion

that was not entitled to controlling weight. [Tr. p.19]. However, the ALJ failed to go through the *Wilson* factors, *supra*, before deciding not to give Dr. Camacho's opinion controlling weight. Thus, meaningful review of the ALJ's decision is impossible where a proper determination of the appropriate weight owed to Plaintiff's treating physician was not undertaken.

## IV.   CONCLUSION

For the foregoing reasons, the Court: (1) **ADOPTS** the Report and Recommendation; (2) **GRANTS** in part, Plaintiff's Motion for summary judgment; (3) **DENIES** Defendant's Motion for summary judgment; and **REMANDS** for further factual findings consistent with this Opinion.

**IT IS SO ORDERED.**

>       S/Sean F. Cox
>       **Sean F. Cox**
>       **United States District Judge**

**Dated:  February 9, 2007**

**I hereby certify that a copy of the foregoing document was served upon counsel of record and the Social Security Administration on February 9, 2007, by electronic and/or ordinary mail.**

>       S/Jennifer Hernandez
>       **Case Manager**